UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SONIA MUGAVERO, MARZIALE MUGAVERO,**<br><br>Plaintiffs,<br><br>v.<br><br>**TOWN OF KEARNY, a Municipal Corp., KEARNY POLICE DEPARTMENT, JOHN DOWIE, CHIEF OF POLICE, KEARNY POLICE DEPARTMENT, POLICE OFFICER BERCHEFSKI, as an individual, and his capacity as a police officer, JOHN DOE(S) 1-20 (fictitious names),**<br><br>Defendants. | Civ. No. 2:12-cv-2439 (WJM)<br><br>OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

     Presently before the Court are motions for summary judgment filed by: (1) Defendants Town of Kearny, Kearny Police Department, and John Dowie, Chief of Police ("Kearny Defendants") (ECF No. 15); and (2) Kearny Police Officer Paul Berchefski ("Officer Berchefski") (ECF No. 16) pursuant to Federal Rule of Civil Procedure 56. Plaintiffs Sonia Mugavero and Marziale Mugavero[1] oppose the motions. There was no oral argument. Fed. R. Civ. P. 78(b). For the reasons set forth below, Defendants' motions for summary judgment are **GRANTED**.

I.   **BACKGROUND**

     For purposes of this Opinion, it is sufficient to note the following undisputed facts: First, that on October 1, 2009, Plaintiff Sonia Mugavero double-parked her vehicle in an illegal manner and subsequently left it unattended. (Pl.'s Dep. Tr. 9-10, 35, 39, Nov. 7, 2012, ECF No. 15.) Second, that Officer Berchefski began the process of issuing a parking ticket ("Summons") for that illegally parked vehicle while it was still

---

[1] Plaintiff Marziale Mugavero is Sonia Mugavero's husband. For purposes of this Opinion, the term "Plaintiff" refers to Sonia Mugavero only.

unattended.[2]  (*Id*. at 34, 40-41, 47.)  <u>Third</u>, that Officer Berchefski did not complete the process of issuing the Summons until after Plaintiff had returned to, and subsequently entered, her vehicle. (*Id*. at 49-50.)   <u>Fourth</u>, that while Officer Berchefski was in the process of issuing the Summons, Plaintiff verbally expressed her dissatisfaction about receiving the Summons.  (Kearny Defs.' Statement of Facts in Support of Summ. J. ¶¶ 26-30, ECF No. 15.)  <u>Fifth</u>, that the Summons issued to Plaintiff contains an illustration which depicts the outline of a penis.  (Cert. of William T. Connell, Ex. D, ECF No. 15).

   The Court wishes to reemphasize that none of the foregoing facts are in dispute.  Defendants do, however, dispute Plaintiff's assertion that when Officer Berchefski handed Plaintiff the Summons, he stated "You should have been white, you Puerto Rican spic."  (Pl.'s Dep. Tr. 49-50.)

   On September 30, 2011, Plaintiff commenced the present suit against Defendants, based on her assertion that Officer Berchefski's actions violated Plaintiff's constitutional rights under the Fourteenth Amendment.[3]  Discovery in this matter is complete.  Presently, Defendants move for summary judgment, based on their assertion that the facts fail to demonstrate that an actionable constitutional violation occurred.  Plaintiff opposes the motions.

## II.   LEGAL STANDARD

   Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Turner v. Schering-Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990).

   On a motion for summary judgment, the Court considers all evidence and inferences drawn therefrom in the light most favorable to Plaintiff, the non-moving party. *Andreoli v. Gates*, 482 F.2d 641, 647 (3d Cir. 2007).  That being said, "the nonmoving party may not, in the face of a showing of a lack of a genuine issue, withstand summary judgment by resting on mere allegations or denials in the pleadings; rather, that party must set forth 'specific facts showing that there is a genuine issue for trial,' else summary judgment, 'if appropriate,' will be entered." *United States v. Premises Known as 717 South Woodward Street, Allentown, Pa.*, 2 F.3d 529, 533 (3d Cir. 1993) (quoting Fed.R.Civ.P. 56(e)) (citations omitted).

---

[2] At her November 7, 2012 deposition, Plaintiff clearly and unequivocally testified that Plaintiff began writing the ticket before he knew who the owner of the car was.  (Pl.'s Dep. Tr. 47.)

[3] On March 25, 2013, Plaintiff withdrew all other claims asserted against Defendants. (Pl.'s Br. in Opp. to Mot. for Summ. J.)

2

## III. DISCUSSION

42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Accordingly, to establish a cause of action under section 1983, a plaintiff must demonstrate: (1) deprivation of a federal constitutional or statutory right; (2) by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527 (1981); *Miller v. Mitchell*, 598 F.3d 139, 147 (2010).

In this action, it is undisputed that in issuing the Summons, Officer Berchefski was acting under color of state law. Therefore, the sole issue before this Court is whether, when considering all evidence and inferences drawn therefrom in the light most favorable to Plaintiff, Officer Berchefski's actions in the course of issuing the Summons deprived Plaintiff of her constitutional rights. If Officer Berchefski's actions deprived Plaintiff of those rights, summary judgment on Plaintiff's section 1983 claim is inappropriate; but if his actions are insufficient to amount to a constitutional violation, summary judgment should be granted.

Here, Plaintiff asserts that Officer Berchefski's actions violated the Equal Protection Clause of the Fourteenth Amendment, which prohibits a state from "deny[ing] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. Generally speaking, to prevail on a Fourteenth Amendment equal protection claim, a plaintiff must show that she received different treatment than other similarly situated individuals and that the disparate treatment was based on her protected class status. *Leibert v. Philadelphia Housing Authority*, 474 Fed.Appx. 76, 79 (3d Cir. 2012) (citing *Shuman ex rel. Shertzer v. Penn Manor Sch. Dist.*, 422 F.3d 141, 151 (3d Cir. 2005)).

In this matter, it is undisputed that Officer Berchefski began issuing the Summons – for an admittedly illegally parked vehicle – without any knowledge of the identity of the owner of that vehicle. There is therefore no suggestion that Officer Berchefski began to issue the Summons based on Plaintiff's Puerto Rican ethnicity or her gender. The fact that Officer Berchefski completed the process of issuing the Summons after he knew the identity of the owner of that vehicle does not alter this conclusion. In short, based on the undisputed facts before this Court, the issuance of the Summons to Plaintiff, in and of itself, cannot support Plaintiff's assertion that her Fourteenth Amendment rights were

3

violated.

Bearing that in mind, Plaintiff nonetheless asserts "that the service of the Summons, containing a drawing of a penis, was an act of harassment, sexual harassment and intimidation which, coupled with the verbal slurs, constitute a constitutional violation." (Pl.'s Br. in Opp. to Mot. for Summ. J. 3.)  The Court disagrees.

As to Plaintiff's alleged utterance of the term "spic," it is well-settled that racially discriminatory statements, racial slurs, and racial epithets, on their own, fail to establish liability under section 1983.  *Burkholder v. Newton*, 116 F. App'x 358, 360 (3d Cir. 2004).  *See also DeWalt v. Carter*, 224 F.3d 607, at 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution"); *Williams v. Bramer*, 180 F.3d 699, 706 (5th Cir. 1999) ("an officer's use of a racial epithet, without harassment or some other conduct that deprives the victim of established rights, does not amount to an equal protection violation"); *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (verbal abuse directed at religious and ethnic background does not state a cognizable constitutional violation); *Burton v. Livingston*, 791 F.2d 97, 101 n. 1 (8th Cir. 1986) (allegation that prison guard used racially offensive language in dealing with a prisoner does not, by itself, state a claim under the Equal Protection Clause)).

As to the phallic symbol on the otherwise properly issued Summons, the Court notes that like offensive statements, the display or drawing of offensive imagery does not, on its own, amount to a constitutional violation.  *Dunbar v. Barone*, 487 Fed.Appx. 721, 723 (3d Cir. 2012) (the display of white pillowcase hoods, Nazi salutes, and the posting of an offensive picture, while unprofessional and reprehensible, did not amount to a violation of constitutional rights) (citing *Wright v. Santoro*, 714 F.Supp. 665, 667 (S.D.N.Y. 1989); *Matthews v. Beard*, CIV.A. 11-221J, 2012 WL 2192225, at *5 (W.D. Pa. June 14, 2012) (no constitutional violation where plaintiff had been subjected to racial slurs and given newspapers with drawings of swastikas and Ku Klux Klan stickers); *Graves v. N. D. State Penitentiary*, 325 F. Supp. 2d 1009 (D.N.D. 2004) *aff'd*, 179 Fed.Appx. 399 (8th Cir. 2006) (displaying racially insensitive drawing did not violate plaintiff's constitutional rights); *Whittenberg v. Bortolamedi*, S 04-2225, 2007 WL 521399 (E.D. Cal. Feb. 15, 2007) (racially derogatory drawing on plaintiff's prison I.D. insufficient to constitute a violation of the Fourteenth Amendment's Equal Protection Clause).

In short, the circumstances surrounding the issuance of the Summons to Plaintiff fail to demonstrate that Plaintiff's constitutional rights were in any way violated. Accordingly, her section 1983 claim fails as a matter of law.  As such, Defendants' motions for summary judgment will be **GRANTED**.

**IV. CONCLUSION**

      For the reasons stated above, Defendants' motions for summary judgment are **GRANTED**.  An appropriate order follows.

                                                /s/William J. Martini  
                                      **WILLIAM J. MARTINI, U.S.D.J.**

**Date: July 30, 2013**